IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN D. DAVISTON, JR.,         : | |
|     Plaintiff,         : | |
|               : | |
| v.         : | CIVIL ACTION NO. 21-CV-4429 |
|               : | |
| COMMONWEALTH OF         : | |
| PENNSYLVANIA, *et al.*,         : | |
|     Defendants.         : | |

### MEMORANDUM

SÁNCHEZ, C.J.                                                                                    OCTOBER 19, 2021

Plaintiff Alvin D. Daviston, Jr. has filed a Complaint using the Court's preprinted form for unrepresented litigants to file a civil action and an Application for Leave to Proceed *In Forma Pauperis*. Named as Defendants are the Commonwealth of Pennsylvania, the Delaware County District Attorney's Office, and Detective John A. Hoffner. For the following reasons, Daviston will be permitted to proceed without the payment of filing fees and his Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTUAL ALLEGATIONS

Daviston labels his claim as a civil rights violation. However, other than list the Defendants and state that the events giving rise to his claim occurred in Chester, Pennsylvania on August 24, 2015, Daviston's Complaint contains only one sentence: "Notice to file civil counter claim!!" (ECF No. 2 at 3.)

### II.    STANDARD OF REVIEW

Because Daviston appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails

to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Daviston is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The

important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.   DISCUSSION

Daviston's Complaint fails to comply with the requirements of Rules 8 and 10.  It does not contain a short and plain statement of facts showing that he is entitled to relief.  Daviston has not described the actions allegedly taken by the named Defendants and fails to allege a legal claim to which the Defendants can respond on the merits.  In short, because the Defendants could not reasonably be expected to respond to it, the Complaint does not satisfy Rule 8 and must be dismissed.  However, because the Court cannot say at this time that Daviston can never allege plausible claims, the dismissal will be without prejudice and Daviston will be permitted the opportunity to file an amended complaint to attempt to flesh out any claim he has against the named Defendants.  If he choses to file an amended complaint, Daviston should provide as much factual information he can about the incident he believes violated his civil rights, describe the Defendants' alleged roles in the incident, and state the relief he seeks.

An order follows containing additional instructions about amendment.

**BY THE COURT:**


**<u>/s/ Juan R. Sánchez</u>**
**JUAN R. SÁNCHEZ, C.J.**